Our third case for argument this morning is Doe v. Gardner. Mr. Olden. Good morning, Your Honor. May it please the Court. This case presents basically two claims. A claim under the Free Speech Clause of the First Amendment and an Equal Protection Claim. The Free Speech Claim was pleaded as two counts, counts two and three. The first count involved the right of private speech within the person's home. And the second count involved the right of speech in public. The case was dismissed by the trial court on the grounds that plaintiffs lacked standing under Article III. According to the district court judge, the causation component of standing was missing. As I'm sure the Court is aware... Mr. Olden, I think we need to concentrate on the capacity in which you are litigating. I take it that you are litigating or seeking to litigate exclusively as next friend of the minor children and not in your own name. That's correct, Judge. Because if you were litigating in your own name, the Rooker-Feldman Doctrine would KO this right at the outset. Well, we have cases holding that a non-custodial parent cannot litigate as next friend of minor children. Does one need to say more to resolve this case? Certainly. You are a non-custodial parent. Well, yes. That's correct. And therefore, if it is established that a non-custodial parent cannot litigate as next friend, that ought to be the end of it. That, by the way, is why Newdow lost his contest to the Pledge of Allegiance in the Supreme Court. He was a non-custodial parent who sought to litigate as next friend of a minor child. The Supreme Court said he can't, and as a result, he lacked standing. So it's not just the Seventh Circuit. We would have to disagree with the Supreme Court to allow this kind of litigation to continue. That is something of a problem, I think. You might want to address it. I surely will, Judge. I think in Newdow, the Supreme Court referred to state law that, and I believe it was one of the western states, not Illinois, that held that a non-custodial parent could not act as a next friend. However, in Illinois, that is not the law. In Illinois, non-custodial parents are allowed to litigate as next friends. This is not a state law claim. This is a federal law claim that you're making. And we have federal law about that question. But the federal law refers to state law, incorporated state law. That was Newdow. And following Newdow... I'm thinking of cases like Navin and T.W. against Brody, which you don't discuss. T.W. versus Brophy, I don't believe, was that, if I remember correctly, that was not a custodial parent that was litigating as a next friend. That was not a parent at all. So, on that basis, that's distinguishable. And if the state court decision that... What we said in Navin was that a non-custodial parent couldn't litigate as next friend, but could litigate in his own name. That, of course, is an option open to you, but it runs smack into the Roker-Feldman doctrine. With all respect, Judge, the Roker-Feldman doctrine wouldn't prevent me from challenging a state statute. Roker-Feldman has never applied to that. So, I think the case should... I must say, you haven't read Feldman recently. Feldman was a challenge to a state statute. Yes, and the Supreme Court said in Feldman that that is not a bar. What is a bar is it can challenge a state court judgment. So, that part of the case was not dismissed in Feldman. And this Court has followed that part of Feldman in subsequent cases. So, I think the capacity issue is really an issue under Rule 17c, Judge. And if somehow I'm disqualified, then counsel would have to be appointed for my kids. But I respectfully submit that as a natural parent, I have standing and I'm allowed to represent my two kids. Newdow was involved in an assessment of state law. And in this case, state law, Stevenson v. Hawthorne Elementary School, says that the award of custody does not per se exclude the rights of the non-custodial parent to sue on behalf of a child. Now, I do recognize that we're in federal court. However, the court is essentially referring to a custodial judgment or a judgment of custody by a state court pursuant to state law. So, the court must follow state law if you're going to use the custody issue. The state court judgment did not throw me out as their parent. If the court doesn't have any more questions on capacity, I'll move on to causation under Article III. So, causation, in order to show causation, the issue is a but-for standard, not approximate cause standard. And approximate cause standard was what was applied in the trial court. The question is whether a but-for the state official's implementation of a state statute. She doesn't implement the statute. I mean, this is kind of all tied up in, you know, was she the right person to sue? I mean, the addressability is on the flip side of causation. I mean, she has no power. Even if you win, she can't enjoin the state courts from hiring or, yeah, appointing investigators or experts to perform these kinds of assessments. Even if she refrains from performing them herself, others can do it. I mean, in Ex Parte Young, you know, which is what you're relying on here, the Attorney General had responsibility for the enforcement scheme. You just sued the wrong person. And it's kind of like you're saying, I could name any state actor, and I have questions about whether she's a state actor here, but I could name any state actor who has some tangential connection with this scheme, and therefore I'm suing the state of Illinois. It doesn't make sense. I think I understand what you're saying. However, the state actor in this particular case has investigatory authority. Investigating private speech within the privacy of a person's home violates the right of private speech. She's a court-appointed expert witness. She's not a state official with authority to enforce the statute. She gives an expert opinion. So you have sued the wrong person. She's a private individual who has been appointed by the court to perform a psychological evaluation. She has no authority under state law to enforce the statute. So if you're seeking an injunction against the enforcement of the statute, you have to sue an official with the authority to enforce it, which is not this defendant. I think ex parte young actions are not limited to enforcement actions only. But you facially challenged the statute. Right. So you have to sue a state official with authority to enforce it in order to bring a suit of this nature to get the statute invalidated as a facial matter. I think what you're talking about is really, under ex parte young, is the 11th Amendment immunity of the state. Right. And the way to avoid that is to sue a state official with enforcement authority. But you haven't done that. You've sued the court-appointed psychologist who's doing an expert witness function. But the 11th Amendment immunity or sovereign immunity under the 11th Amendment has been waived by this point by the state not filing an appearance. The state hasn't been sued. Why would it file an appearance? The state has been sued. No, the state has not. The state cannot be sued under 1983, either directly or indirectly. That's the holding of will against Michigan Department of State Police. And as my colleagues have pointed out, you didn't sue the state. You served a private party who was an expert witness appointed by a court. If you want to serve the state, go right ahead and sue them. But it will be immediately dismissed under will. You can sue a state employee under ex parte young, acting in an individual rather than an official capacity. But I gather that Ms. Garner is not a state employee. I'm not sure that ex parte young is limited to only employees of the state. I think this applies to all state agents. She exercises the power of the state. When she's given authority to investigate. It's just been pointed out by my colleagues that an expert witness does not exercise the power of the state. The judge exercises the power of the state. The judge authorized her to do certain things. You're obviously not going to sue the judge. You would run into different problems. You might be able to find somebody to sue. Or you might have done what would be the normal thing to do in these circumstances. Which is to raise the issue in state court. Appeal within the state system. And if you lose, seek a writ of certiorari from the Supreme Court. I understand that the court's concern about whether she is just a witness. She's not. She's an investigator. She's appointed as an investigator. And her role as an investigator is set forth in the statute for challenging. Which is to perform an evaluation. When you're trying to act like she's a police person or a PI or some sort like that. She's a psychologist. Well, yes. Because she's investigating private feelings and emotions. And speech within somebody's home. I'm not sure that the manner of her appointment changes materially. Whether she's a state actor and exercises state power. She surely does. Just as surely as if a judge authored or appointed somebody. It doesn't matter what their living is to investigate anybody. You have to comply. If you don't comply, it's contempt. And you get put in jail until you comply. That is state action. That is a state actor. And I don't think it matters whether they're an employee or whether they're just appointed for a very short period of time. Well, you would have to satisfy the test for showing she was acting under color of state law. I mean, well, it's not worth it. Never mind. I think she would be because she's clothed in the power of the judge that appointed her. And parties are ordered to cooperate with her. That's state power. And if you don't cooperate, contempt.  This is a person who is implementing. You have argued yourself that she is not only not the right person to sue, but she is not legally entitled to defend herself. You have a long part in your brief saying that she has nothing to do with this case. She can't make any legal arguments. Only the Attorney General of Illinois can argue because this is really a suit against the state. You can't stand up in front of us and say the opposite of what's in your brief, which is that Garner is not a proper party. I don't think I said that. Your attempt to say that this is a suit against the state of Illinois runs smack into Will against Michigan Department of State Police, which says that 1983 does not authorize suits against the states or suits against state officials in their official case. This is an ex parte Young case that seeks only prospect. Then it is not a suit against the state of Illinois by definition. It is because I named a state official and sued her in her official case. We are not going to try to overrule the Supreme Court's holding in Will. You cannot sue the state of Illinois. It's black and white. I understand that. This is black letter law, which a lawyer has to know. I do understand that. No, it's clear you do not. I do, because you can't name the state, so under ex parte Young you name a state official and sue them in their official capacity, which is what we've done. Will was about that. Your time has expired, counsel. Thank you, Judge. Mr. Conrad, I don't think you need to make an extensive argument in this case. Thank you, Your Honor, and may it please the court. There are multiple problems with why this suit does not belong in federal court. On top of that, there are multiple problems for why this case didn't name the right party. Unless the court has other questions, we're happy to stand on our briefs and not waste the court's time on this. Thank you very much. The case will be taken under advisement.